Argued March 18, affirmed April 12, 1976

In the Matter of Kirkham, Randall, a minor child.
STATE ex rel JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY, *Respondent,*

*v.*

KIRKHAM, *Appellant.*

(No. 35,326, CA 5360)

548 P2d 517

*Morton A. Winkel,* Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

## LANGTRY, J.

This appeal is from a juvenile court order, made on motion of the district attorney, remanding Randall Kirkham, born November 15, 1957, to adult court on a charge of robbery in the first degree (armed robbery). The crime allegedly committed by Randall occurred in July 1975. Following its occurrence Randall fled to Quebec, Canada from where he was returned by an officer. Randall had been a ward of the juvenile court for several years, and had been under MacLaren School commitment for 44 months, three of which he was gone on escapes—to him "vacations"—which often ended with his being returned from Canada. He was under commitment to a Youth Progress facility in Portland when the robbery occurred.

One juvenile officer who testified was of the opinion that the juvenile court system has nothing more to offer Randall. Another was of a contrary opinion. Randall wants to remain in the juvenile system, even though he is now 18 years of age. He verbalizes that he can get his high school diploma if he is retained. He can get the equivalent—if he is willing to work for it—in the adult correctional system.

It is obvious that Randall has manipulated the juvenile correctional system in order to do as he pleases, and his pleasure has been years of delinquent behavior. He evidenced his attitude during the hearing—when the judge asked a counselor who was testifying if the future prospect of MacLaren probation offered any more chance of success than adult probation, Randall interrupted to say that if he were on adult probation he would be in Canada in one day. Apparently he thought that this attitude would assure him of remaining in the juvenile system. It did not impress the juvenile court judge and it does not impress us in the intended way. We think the juvenile court judge correctly concluded the juvenile system

has nothing more to offer Randall.[1] He must realize that he cannot direct the treatment he will receive for violations of the law.

Affirmed.

---

[1] ORS 419.533(1) provides:

"(1) A child may be remanded * * * if:

"(a) The child is * * * 16 years of age or older;

"(b) The child * * * is alleged to have committed a criminal offense * * *

"(c) The juvenile court determines that retaining jurisdiction will not serve the best interests of the child because the child is not amenable to rehabilitation in facilities or programs available to the court."